JULY TERM, 1882, No. 10.                MAY 16TH, 1882.

## Keemer *versus* Herr.

A refusal to strike off a mechanics' claim is not a final judgment for which a writ of error lies.

Before SHARSWOOD, C. J.; MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

Error to the Court of Common Pleas of *Lancaster County.*

Mechanics' lien, filed by Henry S. Herr against Henry Harnish, administrator of Michael S. Harnish, deceased, and James Keever.

The record showed that there had been a jury trial in the Court below, with a verdict for the plaintiff for $1724.25, the judgment on which was reversed in the Supreme Court.

October 29th, 1881, the Court, on motion of attorneys for the plaintiff, ordered the caption of the case to be amended by striking therefrom the name of Henry H. Harnish, administrator of Michael Harnish.

November 5th, 1881, on motion of attorneys for defendant, the Court granted a rule on the plaintiff to show cause why the lien should not be stricken off.

December 27th, 1881, the attorneys for the defendant moved to strike off the amendment of October 29th, 1881.

Both of these rules the Court below, LIVINGSTON, J., in an elaborate opinion filed March 27th, 1882, discharged.

Defendant then took out a writ of error, assigning as errors that the Court erred in allowing plaintiff to amend, in discharging the rule to show cause why the amendment should not be stricken out, and in discharging the rule to show cause why the lien should not be stricken off after the allowance of the amendment.

*D. G. Eshleman* and *A. O. Newpher*, for plaintiff in error.

*H. M. North* and *B. F. Groff*, for defendant in error.

This writ of error is premature, and we move to quash it; it does not lie to either ruling of the Court; there is no final judgment entered.

If the Court below refuses to strike off an appeal, a writ of error does not lie.

Kendrick *v.* Overstreet, 3 S. & R., 357; *per curiam:* "The cause is still pending. If the Court erred in refusing to quash, it cannot be taken advantage of until final judgment is rendered:" Gardner *v.* Lefevre, 1 P. & W., 73.

[Levis *et ux. v.* Brown *et ux.*]

The refusal to set aside an award is not the subject of a writ of error: Bemus *v.* Clark, 5 Casey, 251.

Nor the refusal to set aside an execution: Neil *v.* Tate, 3 Casey, 208.

MAY 29TH, 1882.—PER CURIAM: A refusal to strike off a mechanics' claim is not a final judgment for which a writ of error lies. It is not distinguishable from a refusal to strike off an appeal or to set aside an award. The case is still pending, and the defendant can have it brought .to a final decision in the Court below.

Writ of error quashed.